RICHARD L. HOLMES, Retired Appellate Judge.
This case involves a boundary line dispute between coterminous landowners in Walker County, Alabama.
Rayburn H. Moore and Bonnie P. Moore filed a complaint, wherein they requested that the trial court issue an order establishing the true common boundary line between their property and the property owned by Carroll Edwards and Linda Edwards.
The trial court held a hearing and issued an order establishing the boundary line.
Initially, we would note that in the trial court’s order, the true and correct boundary line between the parties to this cause is described in two separate paragraphs of the order and that these descriptions differ. The first description states, in pertinent part:
“In order to find a point of beginning, commence at the SW corner of the SE 1/4 of the NE 1/4 of Section 32, Township 14 South, Range 5 West, and run north along the west forty line of said forty 913.61 feet to a wooden post situated on said west line to the point of beginning of the boundary line to be described....”
(Emphasis added.)
The second description states, in pertinent part:
“In order to find a point of beginning, commence at the SW corner of the SE ⅜ of the NE ⅜ of Section 32, Township 14 South, Range 6 West, and run north along the west forty line of said forty 285.61 feet to a wooden post situated on said west line to the point of beginning of the boundary line to be described....”
(Emphasis added.)
The Moores filed a post-judgment motion. The trial court failed to rule upon the motion, and it was' denied by operation of law.
The Moores appeal. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6). We would note that the Edwardses have failed to favor this court with a brief on appeal.
The primary contention of the Moores on appeal is that, in light of the evidence presented at trial, the Edwardses are not entitled to any portion of that property which lies within the boundaries described in the deed dated December 21,1987. The Moores base this contention upon their belief that the true boundary line between the parties is reflected in the December 21, 1987, deed.
*33 It is well settled that when a trial court enters a judgment establishing the boundary line between coterminous landowners after an ore tenus hearing, such judgment is presumed correct, and it will not be disturbed on appeal unless it is clearly erroneous or obviously unjust. Bushnell v. Martin, 553 So.2d 92 (Ala.1989). However, a trial court’s order establishing the boundary line between coterminous landowners must be supported by credible evidence. Bushnell, 553 So.2d 92.
Our review of the record reveals the following pertinent facts: Patrick Willingham and Patricia B. Willingham conveyed certain real property to the Edwardses by warranty deed dated April 30, 1987. Alfred Andrew Barton and Carol G. Barton conveyed certain real property to the Moores by warranty deed dated December 21, 1987.
Carroll Edwards testified at the trial. He stated that the Willinghams never showed him or told him what they claimed as their property lines. In addition, he stated that he did not have the property surveyed at the time of purchase. Edwards testified that Mrs. Barton showed him the property lines prior to his purchase of the property. Edwards also testified that some time prior to December 1987, he had Larry Davis, a surveyor, draw a plat plan for him from the description contained in his deed.
Rayburn H. Moore also testified at the trial. He stated that the Bartons never showed him what they claimed as their property lines prior to the purchase of the property. In addition, he testified that he did not have the property surveyed at the time of purchase.
Donna Banks Willoughby testified at the trial that she and Moore are partners in a real estate company and that she acted on behalf of Moore during the purchase of the property from the Bartons. Willoughby stated that no one showed her where the boundary lines were and that she did not have the property surveyed prior to its purchase. Willoughby testified that she requested that Davis survey the property some time after the purchase because she had learned that there were not five acres in the conveyance from the Bartons to the Moores.
The record reveals that when Davis conducted his survey, it was discovered that, based upon the description contained in the deeds to the Moores and to the Edwardses, there was an overlap at the common boundary. We would note that Davis did not testify at trial. However, the survey map prepared by Davis was introduced into evidence.
After Davis conducted his survey, a corrective deed was prepared by the attorney who represented the Moores at trial and who is representing the Moores on appeal. This corrective deed was executed by the Bartons on May 15, 1990, and recorded on March 25, 1991. The corrective deed contains the following pertinent statement: “This deed is being given for the purpose of correcting the legal description in that certain deed recorded in Volume 1305, page 105 [which is the December 21,1987, deed from the Bartons to the Moores].” This corrective deed shifted the common boundary line described in the December 21, 1987, deed and remedied the overlap at the common boundary line.
Contrary to the Moores’ contention that the Edwardses are not entitled to any portion of that property which lies within the boundaries described in the deed dated December 21, 1987, we would note that it was the Moores who introduced the corrective deed into evidence at the trial. It was the corrective deed which altered the common boundary line between the parties and remedied the overlap at the common boundary line. The boundary line described in the deed to the Edwardses, dated April 30, 1987, remained unchanged, while the boundary line described in the deed to the Moores, dated December 21, 1987, moved.
Consequently, we cannot find that the trial court committed reversible error when it took notice of the corrective deed. Further, the trial court cannot be placed in error because it awarded to the Edwardses property which lies within the boundaries described in the deed dated December 21,1987, but not included in the description contained in the corrective deed dated May 15, 1990.
As previously noted, there are some inconsistencies in the descriptions contained in the *34 trial court’s order establishing the boundary line. The inconsistencies are alluded to in the Moores’ brief on appeal and require that this court reverse the trial court’s judgment. However, this court’s reversal is limited to a correction of the inconsistencies. The trial court is the appropriate court to correct these inconsistencies and establish the true boundary line between the parties.
Consequently, we are reversing the judgment of the trial court and remanding this case to the trial court for entry of an order consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12 — IS—10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.